IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
        v.                       )        Case No. 10-20109-01-JWL
                                 )
WOLFGANG VON VADER,              )
                                 )
                    Defendant.   )
                                 )
_____ )

## **MEMORANDUM AND ORDER**

In April 2012, defendant Wolfgang Von Vader, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), entered a plea of guilty to possession with intent to distribute heroin while in BOP custody. The plea agreement requested that the court impose a sentence of 120 months imprisonment to be served consecutively to the 270-month sentence that he was serving following a conviction in the Western District of Wisconsin for distribution of methamphetamine. In May 2012, the court assigned to the case at the time accepted the Rule 11(c)(1)(C) plea agreement and sentenced defendant to 120 months imprisonment.

Defendant is presently incarcerated at FCI Williamsburg and his anticipated release date is May 17, 2028. This matter is presently before the court on defendant's motion for compassionate release (doc. #47) pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is denied.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion.  *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).[1]  Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from § 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A).  To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community.  *See id*.  In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist.  *See id*. applic. note 1.  In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D)  Other Reasons**. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id*.  Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the

---

[1] A defendant may file a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies.  18 U.S.C. § 3582(c)(1)(A). The government concedes that defendant has exhausted his administrative remedies.  The court, then, exercises jurisdiction over the motion and proceeds to the merits.

Bureau of Prisons (BOP).  The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute.  *See Jackson*, 2020 WL 2812764, at \*3.

Defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions (primarily obesity and hypertension) create an increased risk of serious harm or death from the ongoing coronavirus pandemic. The government concedes that defendant's medical conditions constitute extraordinary and compelling reasons sufficient for this court to consider early release under the statute. Defendant also asserts that the change in his career offender status is an extraordinary and compelling reason for compassionate release.  By way of background, the parties do not dispute that, if sentenced today, defendant would not be deemed a career offender under the Guidelines and that, presumably, his sentence today would be significantly lower than the 120-month sentence he received.   Having determined that defendant's medical conditions constitute extraordinary and compelling reasons for compassionate release, the court does not reach the issue of whether this change constitutes an extraordinary and compelling reason for compassionate release. The court, however, will consider this change in connection with the § 3553(a) factors as discussed below.  *See United States v. Pullen*, 2020 WL 4049899, at \*8 (D. Kan. July 20, 2020) (declining to address whether change in career offender status constituted extraordinary and compelling reason for

compassionate release where court already determined that other factors constituted sufficient reasons; considering issue in connection with § 3553(a) factors).

The government maintains that the § 3553(a) factors weigh against early release in light of the nature and seriousness of defendant's offenses and the need to provide just punishment for those offenses. On this point, the court agrees with the government and, for the reasons set forth below, concludes that the risk to defendant's health if he remains in custody is outweighed by the need for continued incarceration under the circumstances presented here, even considering the change in defendant's career offender status. In other words, the court finds that compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction). The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)).

Applying those factors here, the court declines to reduce defendant's sentence. It is significant to the court that defendant's crime of conviction—distribution of heroin—occurred while defendant was in BOP custody. By introducing heroin into his correctional facility, defendant put staff members and other inmates at risk. Moreover, defendant

4

presumably maintained contacts with someone outside the facility as a source for that heroin. *United States v. Gutierrez*, 2020 WL 6260654, at *6 (D. Conn. Oct. 23, 2020) (denying compassionate release based on § 3553(a) factors in part because the defendant's indictment stemmed from direction of heroin operation conducted while in custody on other drug trafficking activity). And as punishment for that serious offense, defendant agreed, via his Rule 11(c)(1)(C) plea agreement, that a 120-month sentence (a sentence that represented a downward variance from the range that he faced under the Sentencing Guidelines) was appropriate. *United States v. Windley*, 2020 WL 6938336, at *3 (D.N.J. Nov. 25, 2020) (denying motion for compassionate release based on § 3553(a) factors in part because Rule 11(c)(1)(C) plea agreement represented downward variance); *United States v. Sanders*, 2020 WL 6460224, at *9 (M.D. Tenn. Nov. 3, 2020) (denying motion for compassionate release based on § 3553(a) factors in part because defendant agreed through Rule 11(c)(1)(C) plea agreement that his sentence was appropriate). The fact that defendant agreed to his sentence cuts against his argument now that a reduction is appropriate.

It may be that defendant agreed that a 120-month sentence was appropriate because he realized he was facing a career offender designation such that he would not agree to that sentence today. And the court is sympathetic to the fact that the designation would not apply today. Nonetheless, while the career offender designation would not apply, it is beyond dispute that defendant's prior convictions were serious, dangerous and reflect a pattern of recidivism. One of the convictions that no longer qualifies as a crime of violence for purposes of the career offender designation is his conviction for making terroristic

5

threats.  But even though the conviction can no longer be deemed a "crime of violence," the conduct underlying the conviction is disturbing to the court—defendant telephoned his father and his father's wife more than 20 times per day over a six-week period and threatened to kill them by "bashing them with a hammer."  And this conviction is one of many convictions in defendant's lengthy criminal history that resulted in a criminal history category of V irrespective of the career offender designation.  In fact, defendant's criminal history began at the age of 13 and includes driving under the influence, automobile theft, battery, and multiple drug trafficking convictions.  His criminal history also reflects a continuing disrespect for the law and an inability to comply with conditions of probation, with defendant absconding from supervision on more than one occasion and committing several offenses while on probation at various times.  The court, then, is not satisfied that the change in the career offender designation tips the scales in favor of defendant and, in light of all the circumstances, the court cannot conclude that defendant is a proper candidate for compassionate release.  *United States v. Marrero*, 2020 WL 7079483, at *3-6 (S.D.N.Y. Dec. 3, 2020) (considering change in career offender status as part of overall mix of factors in connection with compassionate release motion, but denying motion where defendant's criminal history reflected a pattern of dangerous conduct); *United States v. Tarver*, 2020 WL 6536409, at *3 (N.D. Ohio Nov. 6, 2020) (change in career offender status did not justify compassionate release in light of other circumstances);  *United States v. Davila*, 2020 WL 6499562, at *3 (D. Conn. Nov. 5, 2020) (denying motion for compassionate release despite increased vulnerability to COVID-19 where defendant had substantial criminal history, demonstrated recidivism and committed offenses while on probation);

*United States v. McCoy*, 2020 WL 6118825, at *3 (E.D. Cal. Oct. 16, 2020) (denying motion for compassionate release where defendant's criminal history was "replete with revocations of parole and violations of her probation" demonstrating a "utter" disregard of court orders and a lack of respect for the rule of law); *United States v. Gray*, 2020 WL 5094710, at *7 (D. Kan. Aug. 28, 2020) (while change in career offender status was a factor that weighed in favor of defendant, other factors weighed against defendant and court denied motion for compassionate release); *United States v. Thomas*, 2020 WL 4917730, at *5 (C.D. Ill. Aug. 21, 2020) (considering change in career offender status but denying motion for compassionate release).

In short, the court finds that defendant's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing.  The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #47) is hereby **denied**.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

7